IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMSOUTH BANK                                                JUDGMENT CREDITOR

v.                                                CIVIL ACTION NO. 4:04cv85TSL-JMR

ELIZABETH M. STEADMAN                                          JUDGMENT DEBTOR

### FINAL JUDGMENT AND ORDER OF CONFIRMATION OF ARBITRAL AWARD

CAME ON FOR HEARING Plaintiff/Award Creditor AmSouth Bank's ("AmSouth") Petition and Motion for Confirmation of Interim and Final Arbitral Awards against Defendant/Award Debtor Elizabeth M. Steadman. Having considered the submissions of the Parties, this Court FINDS the relief requested by AmSouth to be well-taken.

WHEREFORE, PREMISES CONSIDERED, pursuant to the Federal Arbitration Act, including, but not limited to 9 U.S.C. § 9, it is hereby finally ORDERED and ADJUDGED that:

(1)  The February 16, 2006, "Interim Award of Arbitrator" and July 17, 2006, "Award of Arbitrator," (Collective Exhibit A hereto) are CONFIRMED and incorporated into this Judgment by reference; and

(2)  AmSouth is granted FINAL JUDGMENT from and against Elizabeth M. Steadman in the amount and on the terms set forth in Collective Exhibit A hereto.

SO ORDERED and ADJUDGED, this the 4th day of August, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration Between:

Re: 30 148 01308 04
    Elizabeth M. Steadman
    and
    AmSouth Bank

### CERTIFICATION

Linda Beyea being duly sworn deposes and says:

1. She is the Assistant Vice President of the Southeast Case Management Center of the American Arbitration Association (hereinafter referred to as the Association), a not-for-profit corporation organized under the Laws of the State of New York, having its principal offices at 335 Madison Avenue, New York, NY 10017-4605.

2. In such capacity, she is in general charge of all arbitrations conducted pursuant to the rules of the Association in its Southeast Case Management Center.

3. She has reviewed the Association's file pertaining to the above-captioned arbitration previously administered by the Association as case # 30 148 01308 04.

4. She hereby certifies that the following documents, as listed and attached, are true and exact copies of the same documents contained in said file # 30 148 01308 04: Interim Award of Arbitrator dated February 16, 2006 and Award of Arbitrator dated July 17, 2006.

5. She hereby certifies that the subject arbitration was governed by the Commercial Arbitration Rules of the Association, as amended and in effect July 1, 2003.

DATED: August 1, 2006

Signature: [Linda Beyea]

State of Georgia
County of Gwinnett
} SS:

Kenneth M. Edel
Notary Public Gwinnett County Georgia
My Commission Expires March 7, 2008

On this 1st day of August, 2006 before me personally came and appeared Linda Beyea known to me to be the individual described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

DATED: 8/1/06

Notary

My Commission Expires

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 30 148 01308 04
  Elizabeth M. Steadman ("Claimant/Counter-Respondent")
  and
  AmSouth Bank ("Respondent/Counter-Claimant")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated February 16, 2006 do hereby, AWARD, as follows:

Respondent is awarded $15,000.00 for attorneys' fees and $1,000.00 for costs and expenses incurred in this matter.

The administrative fees and expenses of the American Arbitration Association totaling $1,500.00 shall be borne entirely by the Claimant, and the compensation and expenses of the Arbitrator totaling $1,100.00 shall be borne entirely by the Claimant. Therefore, Claimant shall reimburse Respondent the sum of $1,850.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondent.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_____          7-17-06
Fred J. Pinckney                         Date

I, Fred J. Pinckney, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          7-17-06
Fred J. Pinckney                         Date

Collective Exhibit A
2 of 4

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Elizabeth M. Steadman (hereinafter referred to as "Claimant/Counter-Respondent")
And
AmSouth Bank (hereinafter referred to as "Respondent/Counter-Claimant")

Case Number: AAA No. 30 148 01308 04

## INTERIM AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and having been duly sworn and having duly heard the proofs and allegations of the Parties, do hereby issue this INTERIM AWARD as follows:

1. Respondent's Motion for Summary Arbitral Award in its favor on all of Claimant's claims is GRANTED for the following reasons:

   (a) Claimant's claim against Respondent for honoring the terms of a jointly-owned certificate of deposit is barred, as a matter of law, by Mississippi Joint Account Statute (Miss. Code Ann. § 81-5-63 (1972)) which provides a bank may pay one co-owner of a jointly owned instrument "without liability" to the other co-owner.

   (b) Claimant's claim against Respondent for negligent failure to explain is barred by Claimant's sworn testimony, which precludes Claimant from proving the essential elements of such claim, as a matter of law.

   (c) Claimant's claim against Respondent for misrepresentation is barred by Claimant's sworn testimony, which precludes Claimant from proving the essential elements of such claim, as a matter of law.

   (d) Claimant's claim against Respondent for breach of contract is barred by Claimant's sworn testimony, which precludes Claimant from proving the essential elements of such claim, as a matter of law.

   (e) Claimant's claim against Respondent under the Uniform Commercial Code is barred by Claimant's sworn testimony, which precludes Claimant from proving the essential elements of such claim, as a matter of law.

2. Respondent's counterclaim for liability against Claimant for filing frivolous claims, which seeks recovery of its attorneys' fees, costs and expenses incurred in defending the proceeding under Mississippi Litigation Accountability Act (Miss. Code Ann. § 11-55-5 (1972)), is GRANTED based on the inconsistent allegations and testimony of Claimant as presented in this Arbitration. Respondent shall establish the reasonable amount of attorneys' fees, costs and expenses it has incurred in this proceeding (including administrative fees and expenses to the American Arbitration Association) by affidavit within fifteen (15) days of the date of this Award.

3. Claimant's request for a continuance of Respondent's Motion for Summary Arbitral Award is procedurally and substantively defective under Rule 56(f) of the Mississippi Rules of Civil Procedure, as a matter of law.

The administrative fees and expenses of the American Arbitration Association totaling $1,500.00 shall be borne entirely by Claimant, and the compensation and expenses of the neutral totaling $1,100.00 shall be borne entirely by Claimant. Therefore, Claimant shall reimburse Respondent the sum of $1,850.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondent.

This Award shall remain in full force and effect until such time as a final Award is rendered.

_Fred J. Pinckney_                2-16-06
Fred J. Pinckney, Arbitrator       Date